JOHN WHITE, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY, Appellant.

*Negligence — injury from a fall upon ice on a city crosswalk formed from drippings from elevated railroad trains — measure of care required of the road.*

In an action brought to recover damages for personal injuries, it appeared that the plaintiff, while walking upon the crosswalk of a street in the city of New York under the defendant's elevated railroad, slipped upon ice which had been formed by drippings from the defendant's elevated railroad trains. The accident happened on a cold night when the temperature was below the freezing point.

The defendant knew that the drippings from its trains would cause the formation of ice in the street below and it employed persons for the express purpose of rendering such ice harmless. It also installed drip pans at various points upon its road for the purpose of preventing the drippings from falling into the street, but it gave no explanation of its failure to place a drip pan at the point in question.

The evidence was sufficient to warrant a finding that it had had a reasonable time within which to inspect the condition of the street at the point where the plaintiff fell and that it had been negligent in failing to make an adequate inspection.

The court charged the jury that the defendant " was not bound, at all events, to prevent the leaking of water from its trains or the formation of ice on the street or sidewalk as a result of such leakage, but was only bound to the exercise of ordinary care and diligence in the prevention of such leakage and freezing," and that proper care and diligence would consist "in the exercise of ordinary diligence and the employment by the defendant of such means as would ordinarily prevent the happening of the event complained of."

*Held,* that the general rule of law so stated was correct;

That a judgment entered upon a verdict in favor of the plaintiff should be affirmed.

APPEAL by the defendant, The Manhattan Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the

23d day of October, 1902, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the 23d day of October, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Merrill W. Gallaway,* for the appellant.

*Herbert T. Ketcham,* for the respondent.

PATTERSON, J.:

On the night of the 25th of December, 1899, the plaintiff was walking upon a public highway in the city of New York and had reached a point on the crosswalk at Oliver street near its intersection with the New Bowery, when he slipped upon some ice which had formed in the street, fell and was seriously injured. The place at which he fell was opposite the house in which he dwelt. The ice was formed by drippings from the "exhaust" on steam hose, a part of the apparatus connected with trains of cars operated by the defendant on its elevated railway structure. There was a station of the road at the corner of the streets mentioned and in front of the building in which the plaintiff lived. The accident happened on a cold night, the temperature being below the freezing point.

There is evidence to support the finding that the ice upon which the plaintiff slipped was formed by the cause claimed by the plaintiff, and the issue of fact as to that was submitted to the jury without exception by the defendant. A verdict was rendered in favor of the plaintiff, from the judgment entered upon which, and from an order denying a motion for a new trial, the defendant appeals.

That the plaintiff sustained injuries from falling upon the ice is abundantly proven, but the defendant claims, on several grounds, that it is not liable. It is contended that the accident was of an unusual and extraordinary character which could not have been reasonably apprehended or anticipated and that, therefore, the defendant was not bound to foresee or make provision against it. There are many cases in which the abstract rule of law embodied in that contention has been stated. (*Flinn* v. *World's Dispensary Med. Assn.,* 64 App. Div. 490; *Dougan* v. *Champlain Trans. Co.,* 56 N. Y. 1; *Cleveland* v. *New Jersey Steamboat Co.,* 68 id. 310; *Loftus* v. *Union Ferry Co. of Brooklyn,* 84 id. 455; *Hubbell* v.

*City of Yonkers*, 104 id. 434.) That rule has been applied to carriers of passengers, to municipal corporations and in other cases, but under the proof it is unnecessary to consider whether it should be applied in this case where a person walking upon a public street, entitled to assume that it is safe, is injured by the negligence of a third party who renders such street unsafe for pedestrians — the action here being in negligence and not for the creation or maintenance of a nuisance. In no event could the rule control in this case, for it is affirmatively shown that the defendant had reason to know that the drippings from its trains standing at the station would cause the formation of ice in the street below. It employed persons for the express purpose of looking after ice forming in the streets and at stations, and one of its witnesses so employed testified that before this accident occurred — at the very place at which it occurred — he had found ice formed and that he covered the spot with sawdust and salt; that he had done so at this same spot several times that winter and before the accident to the plaintiff occurred. He also testified that once when he saw a train standing at this place he also saw the drip; and that it came from the train.

It is further contended that the defendant was bound to use only ordinary care in guarding against the possibility of such an accident as occurred. That view of the case was taken by the trial judge who, in substance, so charged the jury. The instruction given was that the defendant " was not bound, at all events, to prevent the leaking of water from its trains or the formation of ice on the street or sidewalk as a result of such leakage, but was only bound to the exercise of ordinary care and diligence in the prevention of such leakage and freezing," and that proper care and diligence would consist " in the exercise of ordinary diligence and the employment by the defendant of such means as would ordinarily prevent the happening of the event complained of." Under the rule of law announced by the trial judge, the defendant insists that all the appliances used by it on its trains were of the best and most modern character and that even with them, in cold weather the escape and condensation of steam was inevitable and that it is not responsible for the unavoidable and usual consequences of the operation of its trains with such good and sufficient appliances. That contention might be made available if the case turned upon the sufficiency and character of the

equipment and appliances of the trains. The general rule of law announced in the proposition is correct, but the real question is whether there was any appliance in use upon this or other elevated railroads which would have prevented the dripping from the condensation of the exhaust steam into the street below and which formed into ice in very cold weather. If there were such an ordinary and well-known appliance, it was negligence on the part of the defendant to fail to provide it. The proof shows that there was such an appliance. Witnesses testified that at other points on the elevated road, drip pans were furnished into which water falling from the trains was collected and retained, and, as the trial judge stated to the jury, one of the issues presented under the claim of the plaintiff was that the defendant was negligent in failing so to provide a drip pan to prevent the dripping of steam and water from the structure or cars into the street, and if it had fallen upon the sidewalk in failing to remove the ice or to place some substance upon it, to prevent pedestrians from falling.

It is plain from the evidence that if there had been a drip pan upon the structure, the leakage from the trains would not have fallen to the street. The defendant gave no evidence whatever concerning drip pans or the points on the road at which it was usual to place drip pans, and in no way met the proof made by the plaintiff that such pans were used at various points on the road, and it gave no explanation for not having a drip pan at that point on the railway structure from which the leakage dripped into the street and formed the ice upon which the plaintiff fell and was injured.

There was sufficient evidence to show also that although the defendant employed inspectors for the purpose of ascertaining the condition of the streets with respect to the formation of ice from water that may have dripped from the railway structure, that that inspection was not adequately made on the day upon which the accident occurred to the plaintiff. The trial court charged the jury that the defendant was not bound to keep men stationed at every point on its road for the purpose of watching for dripping water and the immediate removal of the same, or of any ice resulting therefrom. It was sufficient if it employed and caused competent agents to inspect the street along the line of its road, at reasonable intervals, and caused to be removed or otherwise rendered harmless any ice that might

have formed upon the street or sidewalk from water dripping, and it was not negligence or lack of proper care for the defendant not to cause such inspection when the temperature was above the freezing point, and that the defendant was entitled to a reasonable time after the formation of ice beneath its structure in which to remove the same, or otherwise render it harmless. Under these instructions, the whole evidence in the case being before the jury, they must have found that the defendant had reasonable time within which to inspect the condition of the street, and that it was negligent in that regard. There was enough to go to the jury on that point.

No other question raised requires consideration, and the judgment and order appealed from should be affirmed, with costs.

VAN BRUNT, P, J., O'BRIEN, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Judgment and order affirmed, with costs.